JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
Kyle Miller

## DEFENDANTS
Sergeant Sean Dandridge, Officer Frank Bonilla, Officer Edward Riddick and The City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff  Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Luther E. Weaver, III, Weaver & Associates, P.C. 14th Floor, 1525 Locust Street, Philadelphia, PA, 19102 - 215-790-0600

Attorneys (If Known)
John Coyle

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff)
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec 1983
Brief description of cause:
Civil Right Violation 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                      DOCKET NUMBER

DATE
10/09/2012

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   244 Mill Street, Darby, PA 19023

Address of Defendant:       Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:       Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).      Yes ☐     No ☒

Does this case involve multidistrict litigation possibilities?      Yes ☐     No ☒
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes ☐     No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes ☐     No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes ☐     No ☒

CIVIL: (Place   in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other  Contracts
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
     9. ☐ All other Diversity Cases
     (Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   John Coyle _____ , counsel of record do hereby certify:

  ☒ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE:   10/9/2012 _____     John Coyle _____     312084 _____
                                   Attorney-at-Law                       Attorney I.D. #

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   10/9/12 _____     John Coyle, Esquire _____     312084 _____
                                   John Coyle, Esquire           Attorney I.D. #
CIV. 609 (4/03)                      Attorney-at-Law

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Civil Action**

**Kyle Miller**
**244 Mill Street**
**Darby, PA 19023**
                    **Plaintiff**                          **No** _____

          **V.**

**CITY OF PHILADELPHIA**
**c/o Law Department**
**1515 Arch Street, 14th Floor**
**Philadelphia, PA 19102**
          **and**
**Sergeant Sean Dandridge, Badge #0378**
**c/o Law Department**
**1515 Arch Street, 14th Floor**
**Philadelphia, PA 19102**
          **and**
**Officer Frank Bonilla, Badge #9780**
**c/o Law Department**
**1515 Arch Street, 14th Floor**
**Philadelphia, PA 19102**
          **and**
**Officer Edward Riddick, Badge #1900**
**c/o Law Department**
**1515 Arch Street, 14th Floor**
**Philadelphia, PA 19102**
                    **Defendants**

CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (  )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                                       (  )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     (  )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                                              (  )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                                                                          (   )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.          ( **X** )

| | | |
|---|---|---|
| October 9, 2012 | **John Coyle, Esquire** | **City of Philadelphia** |
| Date | Attorney-at-law | Attorney for |
| **215-683-5434** | **(215) 683-5397** | **John.Coyle@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Kyle Miller
244 Mill Street
Darby, PA 19023

Civil Action

            Plaintiff

            V.

NO: _____

Formerly

CITY OF PHILADELPHIA
c/o Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
            and
Sergeant Sean Dandridge, Badge #0378
c/o Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
            and
Officer Frank Bonilla, Badge #9780
c/o Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
            and
Officer Edward Riddick, Badge #1900
c/o Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

CIVIL DIVISION
July Term 2012
No. 3746

            Defendants

### NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Sergeant Sean Dandridge, Officer Frank Bonilla, Officer Edward Riddick, City of Philadelphia, (hereinafter "petitioners") through their counsel, John Coyle, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1.      In July 2012, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, July Term 2012, No. 3746. (Exhibit A - Complaint).

2. On September 17, 2012, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on July 31, 2010 they sustained damages when their civil rights were violated by the defendant. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiffs' Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioners, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**John Coyle, Esquire**
**Assistant City Solicitor**
**Attorney I.D. No. 312084**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

Date:  10/9/2012

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Kyle Miller**<br>**244 Mill Street**<br>**Darby, PA 19023** | Civil Action |
| **Plaintiff** | |
| **V.** | NO: _____ |
| | Formerly |
| **CITY OF PHILADELPHIA**<br>**c/o Law Department**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19102**<br>           **and**<br>**Sergeant Sean Dandridge, Badge #0378**<br>**c/o Law Department**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19102**<br>           **and**<br>**Officer Frank Bonilla, Badge #9780**<br>**c/o Law Department**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19102**<br>           **and**<br>**Officer Edward Riddick, Badge #1900**<br>**c/o Law Department**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19102** | **CIVIL DIVISION**<br>**July Term 2012**<br>**No. 3746** |
| **Defendants** | |

## NOTICE OF FILING OF REMOVAL

TO:    Luther E. Weaber, III, Esquire
       Weaver & Associates, P.C.
       1525 Locust Street, 14th Floor
       Philadelphia, PA 19102

PLEASE TAKE NOTICE THAT on          October 9, 2012          , defendants filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code,

Section 1446(e).

**John Coyle, Esquire**
**Assistant City Solicitor**
**Attorney I.D. No. 312084**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Kyle Miller
244 Mill Street
Darby, PA 19023

    Plaintiff

   V.

CITY OF PHILADELPHIA
c/o Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
   and
Sergeant Sean Dandridge, Badge #0378
c/o Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
   and
Officer Frank Bonilla, Badge #9780
c/o Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
   and
Officer Edward Riddick, Badge #1900
c/o Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

    Defendants

Civil Action

NO: _____

Formerly

CIVIL DIVISION
July Term 2012
No. 3746

## CERTIFICATE OF SERVICE

   I, John Coyle, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO: Luther E. Weaber, III, Esquire
   Weaver & Associates, P.C.
   1525 Locust Street, 14th Floor
   Philadelphia, PA 19102

            _____
            John Coyle, Esquire

**Assistant City Solicitor**
**Attorney I.D. No. 312084**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434


Date:  10/9/12

Exhibit "A"

**WEAVER & ASSOCIATES, P.C.**
LUTHER E. WEAVER, III, ESQUIRE
Identification No. 17827
14th Floor, 1525 Locust Street
Philadelphia, PA 19102
(215) 790-0600

Attorney for Plaintiff

Filed and Attested by
PROTHONOTARY
17 SEP 2012 04:07 pm
E. MASCUILLI

| | |
|---|---|
| Kyle Miller<br>244 Mill Street<br>Darby, PA 19023, | :<br>:<br>:<br>: |
| Plaintiff | : |
| v. | : |
| City of Philadelphia<br>c/o Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: |
| and | : |
| Sergeant Sean Dandridge, Badge #0378<br>c/o Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: |
| and | : |
| Officer Frank Bonilla, Badge #9780<br>c/o Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: |
| and | : |
| Officer Edward Riddick, Badge #1900<br>c/o Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: |
| Defendants | : |

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

JULY TERM, 2012

NO.   3746

## NOTICE TO DEFEND

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo el partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificatión. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>Telephone: 215-238-6333 | ASOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Teléfono: 215-238-1701 |

Case ID: 120703746

**WEAVER & ASSOCIATES, P.C.**
LUTHER E. WEAVER, III, ESQUIRE
Identification No. 17827                          Attorney for Plaintiff
14th Floor, 1525 Locust Street
Philadelphia, PA 19102
(215) 790-0600

| | |
|---|---|
| Kyle Miller | COURT OF COMMON PLEAS |
| 244 Mill Street | OF PHILADELPHIA COUNTY |
| Darby, PA 19023, | |
| Plaintiff | |
| v. | JULY TERM, 2012 |
| | |
| City of Philadelphia | |
| c/o Law Department | |
| 1515 Arch Street, 14th Floor | |
| Philadelphia, PA 19102 | |
| and | NO.   3746 |
| Sergeant Sean Dandridge, Badge #0378 | |
| c/o Law Department | |
| 1515 Arch Street, 14th Floor | |
| Philadelphia, PA 19102 | |
| and | |
| Officer Frank Bonilla, Badge #9780 | |
| c/o Law Department | |
| 1515 Arch Street, 14th Floor | |
| Philadelphia, PA 19102 | |
| and | |
| Officer Edward Riddick, Badge #1900 | |
| c/o Law Department | |
| 1515 Arch Street, 14th Floor | |
| Philadelphia, PA 19102 | |
| Defendants | |

## PLAINTIFF'S COMPLAINT IN CIVIL ACTION

A.   **PARTIES**

1.   The Plaintiff, Kyle Miller, was at all times relevant an individual residing at 244 Mill Street, Darby, PA 19023.

2.   The Defendant City of Philadelphia was at all times relevant a municipal corporation of the first class of the Commonwealth of Pennsylvania under the Act of April 21, 1949, P.L. 665, Section 1, et seq., with its principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

3.   At all times relevant the Defendant Sergeant Sean Dandridge, Badge #0378 ("Defendant Sergeant Dandridge"), was a police officer employed by the City of Philadelphia Police Department, with a principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

Case ID: 120703746

4.     At all times relevant the Defendant Officer Frank Bonilla, Badge #9780 ("Defendant Officer Bonilla"), was a police officer employed by the City of Philadelphia Police Department, with a principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

5.     At all times relevant the Defendant Officer Edward Riddick, Badge #1900 ("Defendant Officer Riddick"), was a police officer employed by the City of Philadelphia Police Department, with a principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

6.     At all times relevant, the individual Defendant Police Officers were on duty and acted within the course and scope of their employment as police officers with the City of Philadelphia.

7.     At all times relevant the individual Defendant Police Officers acted in concert and as agents for each other with regard to the actions of tortious conduct set forth herein.

B.     FACTUAL BACKGROUND

8.     On or about July 31, 2010, the Plaintiff Kyle Miller, along with several friends, was visiting the night club known as "Club Fusion," which upon information and belief was located near or at 416 N. 2nd Street, Philadelphia, Pennsylvania (the "Club").

9.     On or about 2-2:30 a.m. on August 1, 2010, Plaintiff Miller and his associates left Club Fusion and traveled to the parking lot area for the purpose of leaving for home. At all times, Plaintiff Miller and his associates conducted themselves in a lawful and orderly fashion, never violating any of the lawless ordinances against the City of Philadelphia or the Commonwealth of Pennsylvania. Prior to leaving Club Fusion, no disturbances or disorderly conduct had occurred within the Club.

10.     After leaving the Club, Plaintiff Miller waited in the parking lot, sitting upon the hood of his car, waiting for all of his associates to come out of the Club. While there, Plaintiff Miller was initially approached by Defendant Sergeant Dandridge, and was ordered to leave the area. Indeed, Defendant Sergeant Dandridge told the Plaintiff "You have three seconds to move!"

11.     Plaintiff Miller immediately began to comply with the order of Defendant Sergeant Dandridge, by getting off of his vehicle and moving to leave the area. However, upon getting off of his vehicle, Defendant Sergeant Dandridge assaulted the Plaintiff by pushing him in the back. Upon being pushed, the Plaintiff turned around and inquired as to why the Officer assaulted him. Thereafter, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick  immediately attacked the

2

Plaintiff and began to beat the Plaintiff by punching him, kicking him and clubbing him. The Defendant Officers further handcuffed the Plaintiff and continued to beat and assault the Plaintiff while he was handcuffed.

12.     Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick also attacked and beat several associates of the Plaintiff, damaged their vehicles, breaking a stereo, and took the cell phones of several witnesses to this vicious attack.

13.     At all times relevant, the Defendant City of Philadelphia deliberately and consciously developed, established and administered certain policies, practices, customs and procedures which governed the conduct of the Philadelphia Police Department and of the police officers employed therein, including the Defendant Police Officers in this action.

14.     At all times relevant, some of the policies and procedures established by the Defendant City of Philadelphia included, but were not limited to, the following:

        a.     establishing a specific policy and procedure of racial profiling which included but was not limited to specifically targeting African American citizens to be arrested, physically abused, detained, questioned, harassed, and otherwise be deprived of their liberty without due process of law based solely on their race and national origin, i.e., being of African American descent, and their color, being black or otherwise dark-skinned, without probable cause;

        b.     establishing a specific policy and procedure of arresting, physically abusing, detaining, searching, questioning, and otherwise harassing African Americans on the basis of their race, national origin and color, after the closing of bars, clubs and similar establishments which are frequented by African Americans and younger generation citizens;

        c.     failing to properly train, instruct and supervise its police officers, including the Defendant Police Officers, as to the proper means, methods and procedures of arresting citizens only upon probable cause;

        d.     failing to properly train, instruct and supervise its police officers, including the Defendant Police Officers, as to the proper means, methods and procedures of respecting the liberty of citizens in being free from unwarranted physical abuse;

3

e.      failing to properly train, instruct and supervise its police officers, including the Defendant Police Officers, as to the proper means, methods and procedures of disbursing crowds without violating the constitutional rights of said citizens;

f.      failing to properly train, instruct and supervise its police officers, including the Defendant Police Officers, as to the proper means, methods and procedures of identifying persons suspected of violating the law;

g.      failing to properly train, instruct and supervise its police officers, including the Defendant Police Officers, as to the proper means, methods and procedures of holding and detaining citizens who are being checked and held merely for suspicion;

h.      failing to properly train, instruct and supervise its police officers, including the Defendant Police Officers, as to the proper means, methods and procedures of investigating alleged violations of the laws;

i.      failing to properly train, instruct and supervise its police officers, including the Defendant Police Officers, as to the proper means, methods and procedures of investigating alleged criminal offenses;

j.      maintaining a policy, practice, custom and procedure of deliberate indifference to the ongoing violations of the civil rights of citizens through illegal invasions of privacy, assaults, beatings, illegal detainments, false arrests, false imprisonments, illegal custodial interrogations by its police officers and through communicating toleration, condonation, encouragement and authorization of the above described behavior by its police officers, including the Defendant Police Officers.

15.     It was as a direct result of the above policies, practices and procedures of Defendant City of Philadelphia that the Plaintiff suffered the injuries described herein.

16.     Prior to the illegal beating, arrest, search and seizures of the Plaintiff,  Defendant City of Philadelphia knew of such illegal physical abuse, arrest and seizures and of the invasion of the privacy of other citizens.  Through Defendant City of Philadelphia's knowledge of the same and its failure to take measures to eliminate the same, Defendant City of Philadelphia adopted policies of deliberate indifference to Plaintiff's complaints.  Therefore, the harm ultimately suffered by the Plaintiff was clearly foreseeable by Defendant City of Philadelphia.

4

17.    As a direct result of the above policies, practices and procedures, the Plaintiff was falsely arrested on August 1, 2010, subject to the total custody and control of the Defendants and subject to a complete lack of free will with respect to his movements at the time of his arrest.

18.    As a direct result of the above policies, practices and procedures, the Plaintiff's right to privacy and his right to be secure in his person and effects was unlawfully violated by the Defendants.

19.    As a direct result of the above policies, practices and procedures, and as the direct and proximate result of the Defendants' intentional tortious conduct as described above, the Plaintiff did suffer serious and permanent injuries to his person, including but not limited to: loss of consciousness; a concussion; scalp lacerations; abrasions, bruising, swelling and tenderness to his head, nose, mouth, left rear side of the head and left occipital area; associated pain and discomfort. The Plaintiff continues to suffer residual effects as a result of the assault and battery suffered.

20.    As a result of his injuries, the Plaintiff was taken to Hahnemann University Hospital Emergency, also known as Drexel University College of Medicine, and was later treated at Mercy Fitzgerald Hospital.

21.    The Plaintiff also suffered a loss of wages and other out-of-pocket expenses as a result of the Defendants' conduct.

C.    <u>CLAIMS</u>

COUNT ONE
<u>PLAINTIFF VS. ALL DEFENDANTS UNDER TITLE 42 USC, SECTION 1983</u>

22.    The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 21 as though fully set forth herein.

23.    Title 42 United States Code §1983 holds liable for damages any person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States of America. Title 42 U.S.C. §1983.

5

24.     At all times relevant the Plaintiff was a citizen of and legal residents of the United States of America, residing in the City and state set forth above.

25.     At all times relevant the actions of the individual Defendant Police Officers represented and constituted state action within the meaning of Title 42 U.S.C. §1983.

26.     At all times relevant the individual Defendant Police Officers were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the Commonwealth of Pennsylvania and under the ordinances, laws, rules and regulations of Defendant City of Philadelphia.

27.     At all times relevant the individual Defendant Police Officers knew that the Plaintiff enjoyed clearly established statutory and constitutional rights to be free from the unlawful and unwarranted searches and unwarranted seizures and abuses of his person.

28.     Section 1 of the Fourteenth Amendment to the United States Constitution provides in relevant part that no state shall deprive any person of life, liberty or property without due process of law.

29.     The Fourth Amendment to the United States Constitution provides in relevant part that the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the places to be searched and the persons or things to be seized.

30.     The protections provided by the Fourth Amendment to the United States Constitution are made applicable to the states, including the Commonwealth of Pennsylvania, through the Fourteenth Amendment to the United States Constitution.

31.     At all times relevant the Plaintiff enjoyed a constitutionally protected liberty interest in being secure in his personal integrity and in being free from unlawful assaults, batteries and other unlawful and unwarranted intrusions of his physical and psychological person.

6

32.     At all times relevant the Plaintiff enjoyed a constitutionally protected liberty interest in being secure in his person and in being free from the unlawful seizure of his physical persons.

33.     At all times relevant the Plaintiff enjoyed a constitutionally protected liberty and property interests in being secure in his papers and effects against unreasonable searches.

34.     Through the above described actions, the individual Defendant Police Officers unlawfully subjected the Plaintiff to be deprived of rights, liberties, privileges and immunities guaranteed and secured by the Constitution and laws of the United States, to wit: a deprivation of liberty and property without due process of law, in violation of Title 42 U.S.C. §1983.

35.     Section 1 of the Fourteenth Amendment to the United States Constitution also provides in relevant part that no state shall deprive any person within its jurisdiction of the equal protection of the laws.

36.     Through the above described actions, the individual Defendant Police Officers, acting under color of law, unlawfully subjected the Plaintiff to a denial of the equal protection of the laws by subjecting the Plaintiff to punishment, pains and penalties as set forth above on the basis of his race, color, creed and national origin to which Caucasian citizens similarly situated were not subjected in violation of Title 42 U.S.C. §1983.

37.     Title 42 U.S.C. §1981(a) entitled "Statement of equal rights" provides in relevant part that all persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.

38.     Through the above described actions, the individual Defendant Police Officers did knowingly, wilfully, intentionally and unlawfully subject the Plaintiff to suffer punishment, pains and penalties on the basis of his race, color, creed and national origin not suffered by white citizens similarly

7

situated and did deny the Plaintiff the benefit of laws and proceedings for security of persons and property as is enjoyed by white citizens in violation of Title 42 U.S.C. §1981 and Title 42 U.S.C. §1983.

39. In the alternative, if not for racial purposes, through the above described actions, the individual Defendant Police Officers did knowingly, wilfully, intentionally and unlawfully subject the Plaintiff to suffer punishment, pains and penalties, and did deny the Plaintiff the benefit of rights, laws and proceedings for security of persons and property as described above, in violation of Title 42 U.S.C. §1983.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, and for an award of compensatory damages, attorney fees, costs of suit, punitive damages as to the individual Defendants, and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

COUNT TWO
PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
UNDER TITLE 42 UNITED STATES CODE, SECTION 1985(3)

40. The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 39 as though fully set forth herein.

41. At all times relevant, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick did knowingly, wilfully, intentionally and unlawfully, conspire, combine, confederate, and agree with each other and with other police officers, to deprive the Plaintiff of the equal protection of the laws and to the equal privileges and immunities under the laws enjoyed by citizens of Caucasian descent, on the basis of his race, being black, and on the basis of his national heritage and origin, being African American.

42. The acts set forth herein committed by Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick and their other co-conspirators were done knowingly and willfully and with the specific intent of depriving the Plaintiff of the equal protection of the laws and/or of equal

8

Case ID: 120703746

privileges and immunities under the laws. Said conduct was engaged in specifically to deprive the Plaintiff of these rights in his capacity as a member of a class of persons, to wit, being black and of African American descent.

WHEREFORE, the Plaintiff demand judgment against Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, and for an award of compensatory damages, punitive damages, attorney fees, costs of suit and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

COUNT THREE
PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
UNDER TITLE 42 UNITED STATES CODE, SECTION 1986

43.     The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 42 as though fully set forth herein.

44.     At the time and place of the illegal beating and arrest of the Plaintiff as set forth above, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick had knowledge that he and each of the other Defendant Police Officers, in combination of at least two or more, were engaging in a conspiracy for the purpose of depriving the Plaintiff of the equal protection of the laws and of equal privileges and immunities under the laws as set forth above.

45.     At the time and place of the illegal beating and arrest of the Plaintiff as set forth above, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, as well as each of the other Police Officers on the scene, had the power to prevent or aid in preventing the commission of the conspiracy in violation of Title 42 U.S. Code §1985(3) as set forth above.

46.     In spite of being aware that a violation of §1985 was being committed as set forth above, and in spite of having the power to prevent or to aid in the prevention of the commission of the same, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick did knowingly,

9

wilfully, intentionally and unlawfully neglect and refuse to exercise their power and authority to prevent or aid in preventing the commission of a violation of Title 42 U.S. Code §1985(3) upon the Plaintiff herein. As a result, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick are liable to the Plaintiff herein for damages as a result of such wrongful neglect and refusal to prevent such wrongful acts from being committed in violation of Title 42 U.S. Code §1986.

WHEREFORE, the Plaintiff demands judgment against Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, and for an award of compensatory damages, punitive damages, attorney fees, costs of suit and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT FOUR
### PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
### UNDER TITLE 42 UNITED STATES CODE, SECTION 1988

47.     The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 46 as though fully set forth herein.

48.     As a result of the violations of Title 42 U.S. Code §§ 1983, 1985(3) and 1986, the Plaintiff hereby prays that the Court in its discretion allow for an award of reasonable attorneys' fees as part of the cost pursuant to Title 42 U.S. Code §1988(b).

WHEREFORE, the Plaintiffs demand judgment against Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, and for an award of reasonable attorney fees and for such other and further relief as the Court deems just and appropriate.

## COUNT FIVE
### PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
### FALSE ARREST UNDER PENNSYLVANIA LAW

49.     The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 48 as though fully set forth herein.

10

50.     Through the above described actions, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick did knowingly, wilfully, intentionally and unlawfully place the Plaintiff under arrest and restraint, against his will, without privilege, probable cause or any legal basis therefore.

51.     As a result of the conduct of Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick as set forth above, the Plaintiffs did suffer injuries. The injuries suffered by the Plaintiffs included, but were not limited to the following:

        a.     illegal and total physical confinement of the Plaintiff by the Defendants;

        b.     illegal intrusion and battery of the Plaintiff's physical persons by the Defendants as a result of being illegally arrested for no lawful reason;

        c.     extreme shock, emotional trauma, emotional distress and anxiety as a result of being illegally arrested for no lawful reason;

        d.     extreme embarrassment and injury to his reputations as a result of being illegally stopped, arrested and handcuffed in public without just cause;

        e.     being required to expend legal fees and costs as a result of his illegal arrest.

WHEREFORE, the Plaintiff demands judgment against Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, and for an award of compensatory damages, punitive damages, attorney fees, costs of suit and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

COUNT SIX
PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
FALSE IMPRISONMENT UNDER PENNSYLVANIA LAW

52.     The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 51 as though fully set forth herein.

11

53.    Through the above described actions, Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick did knowingly, wilfully, intentionally and unlawfully arrest, detain and completely confine the body and person of the Plaintiff, against his will, without any privilege or legal justification therefor.

54.    At all times relevant the Plaintiff was conscious of the confinement and suffered harm and injury as a result.

55.    As a result of the conduct of the Defendants set forth above, the Plaintiff did suffer injuries. The injuries suffered by the Plaintiff included, but were not limited to the following:

a.    illegal and total physical confinement by the Defendants;

b.    illegal intrusion and battery of the Plaintiff's physical persons by the Defendants as a result of being illegally arrested for no lawful reason;

c.    extreme shock, emotional trauma, emotional distress and anxiety as a result of being illegally arrested for no lawful reason;

d.    Extreme embarrassment and injury to his reputation as a result of being illegally stopped, arrested and handcuffed in public without just cause.

WHEREFORE, the Plaintiffs demand judgment against Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, and for an award of compensatory damages, punitive damages, attorney fees, costs of suit and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

COUNT SEVEN
PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
ASSAULT UNDER PENNSYLVANIA LAW

56.    The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 55 as though fully set forth herein.

12

57.     As a result of the conduct of the Defendants set forth above, the Defendants did knowingly, wilfully, intentionally and unlawfully intentionally cause the Plaintiff to suffer an imminent apprehension of harmful and offensive bodily contact at the hands of the Defendants, and did thereby suffer the damages set forth above.

WHEREFORE, the Plaintiff demands judgment against Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, and for an award of compensatory damages, punitive damages, attorney fees, costs of suit and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

COUNT EIGHT
PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
BATTERY UNDER PENNSYLVANIA LAW

58.     The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 57 as though fully set forth herein.

59.     As a result of the conduct of the Defendants set forth above, the Defendants did knowingly, wilfully, intentionally and unlawfully cause the Plaintiff to suffer offensive and harmful conduct to his body at the hands of the Defendants, without lawful authority, privilege or justification, and did thereby cause the Plaintiff to suffer the damages set forth above.

WHEREFORE, the Plaintiff demands judgment against Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, and for an award of compensatory damages, punitive damages, attorney fees, costs of suit and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

Case ID: 120703746

COUNT NINE
PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
VIOLATION OF RIGHT TO PRIVACY UNDER PENNSYLVANIA LAW

60.     The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 59 as though fully set forth herein.

61.     As set forth above, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick did knowingly, wilfully, intentionally and unlawfully intrude into the Plaintiff's persons and property, without invitation, without the Plaintiff's consent and without any privilege to do so.

62.     These intrusions were substantial and highly offensive to any ordinary reasonable person, such as the Plaintiff.

63.     In addition to the injuries set forth above, the Plaintiff underwent mental suffering, shame and humiliation as a result of the conduct of the Defendants.

WHEREFORE, the Plaintiff demands judgment against Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, and for an award of compensatory damages, punitive damages, attorney fees, costs of suit and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

COUNT TEN
PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER PENNSYLVANIA LAW

64.     The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 63 as though fully set forth herein.

65.     In engaging in the conduct set forth above, Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick did knowingly, wilfully, intentionally and unlawfully

14

engaged in extreme and outrageous conduct which caused the Plaintiff to suffer injuries such as severe emotional distress and bodily injury resulting therefrom.

66.    The injuries suffered by the Plaintiff included, but were not limited to the following:

a.    illegal and total physical confinement by the Defendants;

b.    illegal intrusion and battery of the Plaintiff's physical persons by the Defendants as a result of being beaten and illegally arrested for no lawful reason;

c.    extreme shock, emotional trauma, emotional distress and anxiety as a result of being illegally beaten and arrested for no lawful reason;

d.    extreme embarrassment and injury to his reputation as a result of being illegally beaten, stopped, arrested and handcuffed in public without just cause;

WHEREFORE, the Plaintiff demands judgment against Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, and for an award of compensatory damages for the loss set forth above, punitive damages, attorney fees, costs of suit and for such other and further relief as the Court deems just and appropriate, all in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT ELEVEN**
**PLAINTIFF VS. INDIVIDUAL DEFENDANT POLICE OFFICERS**
**PUNITIVE DAMAGES**

67.    The Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 66 as though fully set forth herein.

68.    The actions of Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick as set forth above constituted extreme, wanton, reckless and outrageous conduct justifying an award of substantial punitive damages for all claims set forth herein, significantly large enough to punish the Defendants for such extreme and outrageous conduct and to deter and discourage a repetition of such conduct by the Defendants and others in the future.

15

Case ID: 120703746

WHEREFORE, Plaintiff demands judgment against Defendant Sergeant Dandridge, Defendant Officer Bonilla and Defendant Officer Riddick, jointly and severally, in an amount in excess of $50,000.00.

Respectfully submitted:

LUTHER E. WEAVER, III, ESQUIRE
Attorneys for Plaintiff

Date:   September 17, 2012

16

# VERIFICATION

I, Kyle Miller hereby verify that I am the Plaintiff in the within action, and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that these statements are made subject to the penalties set forth in Title 18 Pa. C.S.A., Section 4904 relating to unsworn falsification to authorities.

_____
KYLE MILLER

Date: 9-17-12

Case ID: 120703746

## CERTIFICATE OF SERVICE

I, Luther E. Weaver, III, Esquire, do hereby certify that I have served a copy of the foregoing Plaintiff's Complaint in Civil Action upon all other parties or their attorneys of record by electronic transmission and by depositing a true and correct copy of the foregoing pleading in the United States mail, regular first class mail, postage prepaid, addressed as follows:

> Craig Straw, Esquire
> Chief Deputy City Solicitor
> City of Philadelphia Law of Department
> 14th floor, 1515 Arch Street
> Philadelphia, PA 19102
> for all Defendants

LUTHER E. WEAVER, III, ESQUIRE

So Certified this 17th day of September 2012

Case ID: 120703746